UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                                :
DOUGLAS PALLINI,                                 :         CASE NO. 1:07-CV-1058
                                                                :
             Plaintiff,                                     :
                                                                :
vs.                                                            :         OPINION & ORDER
                                                                :         [Resolving Doc. No. 2.]
RALPH CONTIPELLI,                               :
*Mayor of the Village of Cuyahoga Heights*,  :
                                                                :
             Defendant.                                   :
                                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Plaintiff Douglas Pallini's motion for a temporary restraining order and preliminary injunction enjoining the Defendant from distributing and revealing the Plaintiff's confidential medical information at a Village Council meeting scheduled for April 11, 2007. [Doc 2.] The meeting is scheduled to determine whether the Plaintiff, who is the current Police Chief for the Village of Cuyahoga Heights, should be removed from that position. *Id.* Defendant Ralph Contipelli, Mayor of the Village of Cuyahoga Heights, opposes the Plaintiff's motion. [Doc. 4.] For the reasons set forth below, the Court **DENIES** the Plaintiff's motion for a temporary restraining order and preliminary injunction.

In evaluating the Plaintiff's motion, the Court applies the traditional four-part test to determine whether a temporary restraining order and/or preliminary injunction is appropriate. The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the plaintiff

-1-

Case No. 1:07-CV-1058
Gwin, J.

outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve the public interest. *See, e.g., McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). A district court need not make specific findings on each factor, if fewer factors dispose of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.,* 119 F.3d 393, 399 (6th Cir. 1997).

Here, the Court finds that the Plaintiff has failed to establish a substantial likelihood of success on the merits of their claim. The Plaintiff says that the Defendant is precluded from sharing his medical records with the six members of the Village of Cuyahoga Heights Council. [Doc. 2.] In support for this proposition, Plaintiff Pallini says that the disclosure of his medical records, even as part of an executive meeting of the Village Council not open to the general public, would violate his rights under Title 1 of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.* and the corresponding implementing Federal Regulations, 29 C.F.R. Part 1630 *et seq. Id.* However, under the ADA and its corresponding regulations "[s]upervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations..." 29 C.F.R. 1630.14(c)(1)(I); 42 U.S.C. 12112(3)(B)(I).

With his motion, the Plaintiff argues that the members of the Village Council are not "supervisors or managers" and that they therefore are not permitted to view his confidential medical records. [Doc. 2.] The Court disagrees. Based upon both parties' submissions to the Court, the record indicates that the Village Council possesses the final authority regarding whether Mr. Pallini may be removed from his current position. [Docs. 2, 4.] Accordingly, the council members appear to be the Plaintiff's ultimate "supervisor" and entitled to review pertinent medical records.

Because the Plaintiff has failed to establish a substantial likelihood of success on the merits

Case No. 1:07-CV-1058
Gwin, J.

of their claim, the Court denies his motion for a temporary restraining order and preliminary injunction. However, the Court orders that the Defendant and the Village Council treat the Plaintiff's medical records as confidential materials that shall not be distributed or disclosed to any other parties.

For these reasons, the Court **DENIES** the Plaintiff's motion.

IT IS SO ORDERED.


Dated: April 11, 2007                             s/      *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE